# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| REACH COMMUNITY DEVELOPMENT, et al, | Case No. 3:25-cv-02257-AB |
| Plaintiffs, | CIVIL CASE MANAGEMENT ORDER |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al, | |
| Defendants. | |

1 – CIVIL CASE MANAGEMENT ORDER

**BAGGIO, District Judge:**

This Civil Case Management Order (CCMO) sets general expectations and case management procedures through dispositive motions.[1] The Court will supplement the general information contained in this CCMO with the minute order issued after the Rule 16 conference (or the Court's Scheduling Order issued following the parties' Rule 26(f) report if no Rule 16 conference is held). While this CCMO provides information related to case procedures through dispositive motions, the parties should expect to rely on the Court's Trial Management Order (TMO) for trial-related deadlines and procedures. Parties are directed to review this CCMO prior to the Rule 16 conference.

## GENERAL EXPECTATIONS

The Court expects each party to behave in a respectful and courteous manner toward one another, toward other persons involved in the litigation, and toward court staff. The parties are directed to review this District's statement of professionalism and trial court guidelines, both of which may be found on the District's website, www.ord.uscourts.gov. If the Courtroom Deputy contacts the parties regarding scheduling or with other questions, the parties are expected to confer amongst themselves before responding in a single message to the Courtroom Deputy. Please do not include the Courtroom Deputy on conferrals. Please do not fail to respond to inquiries from the Courtroom Deputy.

## SCHEDULING

The parties' Rule 26(f) report should include generally everything contemplated in Rule 26(f)(3) along with a *jointly* proposed, agreed-upon schedule that includes: (1) a fact discovery

---

[1] Additional information can be found on Judge Baggio's page on the Court's website: https://ord.uscourts.gov/index.php/court-info/our-judges/judge-baggio. Please review this page before calling Judge Baggio's Courtroom Deputy.

deadline; (2) expert discovery deadlines (including expert disclosure and expert deposition deadlines), if applicable; (3) dispositive motion deadlines; (4) a pre-trial conference date; and (5) a proposed trial date. The parties shall also indicate the anticipated length of trial and whether it will be a court or jury trial.

The Court expects that most civil cases can be reasonably resolved within 18-months of filing. The Court also requires seven months between the dispositive motion deadline and trial. The Court is open to exceptions to its 18-month expectation based on unique needs of a case; however, the parties should be aware of this general expectation during their conferrals regarding proposed case scheduling.

The Court will set the date and length of trial at the Rule 16 conference (or in the Scheduling Order filed following the filing of parties' Rule 26(f) report if no Rule 16 conference is held). If the parties' estimate of trial length changes, they must file a notice that notifies the Court of the change. The parties should also be aware of the Court's general preferences (1) to start jury trials scheduled to last four days or less on Tuesdays and (2) to generally end trial no later than 4pm each day (and sometimes earlier) to address any trial matters that must be discussed outside the jury's presence or to allow the Court to take up matters in other cases. If a trial is expected to proceed longer than two weeks, the Court may suspend trial one day or one half-day per week to allow for other case matters. The parties should confer about trial dates and length with those general preferences in mind before submitting their Rule 26(f) reports and/or before the Rule 16 conference.

When the Court orders the parties to submit a joint schedule or proposed deadlines, the parties must confer in good faith and submit a joint schedule with dates on which they both agree. If the proposals are not agreed-upon (*i.e.*, the parties cannot agree on one or more

3 – CIVIL CASE MANAGEMENT ORDER

proposed dates), the parties should explain the reason for the differing dates (*e.g.*, one party believes that fact discovery should be longer because it anticipates difficulty obtaining third-party discovery).[2] The parties <u>should not</u> simply file two competing schedules in a single document.

Finally, if this case settles, the parties are directed to inform the Court immediately.

## DISCOVERY DISPUTES

Discovery shall be completed by the deadline set by the Court at either the Rule 16 Conference or by Court Order. Discovery disputes may be submitted to the Court as follows:

- **<u>Informally</u>:** Under Fed. R. Civ. P. 16(b)(3)(B)(v), ***before*** moving for an order relating to discovery disputes, the parties must, after meaningful conferral, request a conference with the Court. The parties are to send an email to the Courtroom Deputy with one page from each side summarizing the dispute. After reviewing the submissions, the Court will either: (1) decide the matter on the letters and enter an order on the docket; (2) set a telephone conference; or (3) if formal briefing is required, set a full briefing schedule. If the Court resolves the dispute either on the parties' email submissions or via telephone conference, the Court will file counsel's submissions as part of the record of the teleconference. Because the letters may be filed on the docket, the parties should be mindful about including information that falls under the protective order, if any, or that

---

[2] In patent, class action, environmental, and ERISA cases, the Court may not set all these deadlines. For patent cases, the parties should look to the local patent rules for the Northern District of California and Western District of Washington in formulating their proposed case schedule through claim construction. For class actions, the Court may set the case schedule in phases, and the parties should be prepared to discuss whether any dispositive motions should be resolved before proceeding with class discovery and class certification.

could cause embarrassment or ridicule to a third-party. If necessary to include such information, the parties should submit a redacted version of the letters for filing.

- **Formally:** If the Court orders formal briefing, the movant is to file a discovery motion no later than the deadline set. Any response to a discovery motion shall be filed **within 7 calendar days**. No replies are permitted without leave of Court. The Court will attempt to resolve the dispute promptly on the record and without oral argument.

## PROTECTIVE ORDERS

This Court does not routinely issue Protective Orders based solely on the parties' stipulation. The party, or parties, seeking a Stipulated Protective Order must demonstrate good cause pursuant to Federal Rule of Civil Procedure 26(c) as to why the Protective Order is necessary to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. This Court expects the requested Protective Orders to be narrowly tailored and to demonstrate good cause to justify each category of information to be protected. *See* Judge Baggio's model stipulated protective order on Judge Baggio's webpage.

## EXTENSION OF DEADLINES

The Court expects the parties to meet all established deadlines. Any request for an extension of time must be made by motion (no email, letter, or oral requests**) filed at least 7 days before expiration of the deadline**. The motion must state whether the request is opposed and must be supported by a declaration or other showing in which the moving party specifically states the reason(s) for the requested extension and explains how the parties have used the available time set out in this Order. Workload issues do not constitute good cause. The Court, at

its discretion, may set a hearing on the motion. The Court may deny untimely requests for extensions of time.

As a reminder, the Court generally requires *a minimum* of seven months between the deadline to file dispositive motions and trial. Any requested extension that does not satisfy that requirement may result in denial of the motion or a change of the trial date. Any extension requiring the trial to be reset will be disfavored, particularly if a proposed reset places the trial beyond the 18-month case resolution expectation.

## MOTIONS PRACTICE AND DISPOSITIVE MOTIONS

The Court *strictly* construes the requirements of the Federal Rules of Civil Procedure and Local Rules (LR) for this District regarding motion practice. Specifically, the Court will likely strike any motion that does not comply with the requirements of LR 7-1(a)(1). (*NOTE:* A LR 7-1 certification is required for every motion except a temporary restraining order (TRO) and must be set forth in the first paragraph of every motion.)

*Please provide the Court with courtesy copies of any motion for which a hearing is set, as well as all dispositive motions and motions for summary judgment, within two business days of the motion's filing.* The Court's copy of all pleadings, including declarations, affidavits, exhibits, etc., shall be placed in a three-ring binder and be tabbed and indexed. The outside spine of the binder should include the case caption, case number, and motion name. Chambers copies are to be delivered to the Clerk's Office Intake on the Courthouse's seventh floor, not to Chambers.

///

///

///

///

6 – CIVIL CASE MANAGEMENT ORDER

**MAGISTRATE JUDGE CONSENT**

This District benefits from the service of our capable and experienced Magistrate Judges. Magistrate Judges, who carry only civil case loads, tend to have greater flexibility in scheduling matters than the District Court Judges. Parties are invited to consider consent to a Magistrate Judge for handling of all matters. *See* Consenting to the Jurisdiction of a Magistrate Judge in the District of Oregon.

**IT IS SO ORDERED.**

DATED this 15th day of January, 2026.

/s/ *Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

7 – CIVIL CASE MANAGEMENT ORDER