Darin M. Sands, OSB No. 106624
**Bradley Bernstein Sands LLP**
1211 NW Glisan St., Ste 204
Portland, OR 97209
Telephone: +1 503-734-2480
dsands@bradleybernstein.com

Daniel F. Jacobson (D.C. Bar No. 1016621)+
**Jacobson Lawyers Group PLLC**
5100 Wisconsin Ave. NW, Suite 301
Washington, DC 20016
Telephone: +1 301-823-1148
Dan@jacobsonlawyersgroup.com

+ admitted pro hac vice

*Attorneys for Plaintiffs*

(Additional counsel listed on signature page)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| REACH COMMUNITY DEVELOPMENT, *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>　v.<br><br><br><br><br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>　　　　*Defendants*. | Case No. 3:25-cv-2257<br><br><br>**PLAINTIFFS' MOTION FOR CROSS-EXAMINATION OF DEFENDANTS' DECLARANTS** |

1

Pursuant to the Court's January 27, 2026 minute order, Plaintiffs move to be permitted to cross-examine—either at the evidentiary hearing or at a deposition taken at the witnesses' convenience before the hearing—any declarants whose testimony Defendants submit as part of their opposition to Plaintiffs' Superseding Motion for Preliminary Injunction.

Two principles weigh strongly in favor of permitting some form of cross-examination of Defendants' declarants. First, a party should have an opportunity to question facts that an opposing party "has itself put in[to] evidence." *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008). Once a witness has "already seen fit to go under oath" and affirmatively submit a declaration, the opposing party is entitled to "follow-up questioning on [the relevant] facts." *Id.* Second, and more generally, "oral testimony is preferable to affidavits" where a key "factual issue is disputed." *Davis v. New York City Hous. Auth.*, 166 F.3d 432, 438 (2d Cir. 1999).

Courts have applied these principles to require that senior federal government officials be subject to cross-examination when they submit a declaration on key factual issues. In *Cheney*, the D.C. Circuit authorized the deposition of the Vice President's Deputy Chief of Staff where the official had submitted a declaration on "a factual matter" concerning certain records management practices. 544 F.3d at 312. Because the declaration concerned a "potentially dispositive . . . factual dispute," the plaintiffs were entitled to "follow-up questioning on facts OVP ha[d] itself put in evidence." *Id.* at 312, 314; *see also Alexander v. FBI*, 186 F.R.D. 113, 121 (D.D.C. 1998) (allowing deposition of Clinton White House Director of Records Management because official had submitted a declaration and a deposition was therefore appropriate to "probe the veracity and contours of the statements.").

A district court in this circuit recently applied *Cheney* to mandate cross-examination of the head of an agency at a preliminary injunction hearing or in a pre-hearing deposition. *See Am.*

2

*Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt.*, No. C 25-01780 WHA, 2025 WL 780549, at *1 (N.D. Cal. Mar. 10, 2025). Although the government argued that requiring cross-examination would "inappropriately intrude" upon executive branch operations, "the problem," the court explained, "is that Acting Director Ezell submitted a sworn declaration in support of defendants' position, but now refuses to appear to be cross examined, or to be deposed." *Id.* (internal quotation marks omitted). The court held that if the Acting Director did not "appear" at the hearing or agree to "be deposed," the Court would decide "whether or not to strike or limit his sworn declaration." *Id.* The government ultimately decided to withdraw the declaration. *See also, e.g., Espiritu Santo Holdings, LP v. L1bero Partners, LP*, 789 F. App'x 288, 289 (2d Cir. 2020) (holding that "the District Court did not abuse its discretion in striking the declarations of [a party's] witnesses who were not present for cross-examination at the injunction hearing").

      The tenet that declarants must be available for cross-examination—if the other side requests it—is so ingrained that some courts codify this principle in their rules. For instance, the Central District of California has a local rule providing that, "on motions for preliminary injunction, 'a party desiring to cross-examine any declarant who is not beyond the subpoena power of the Court and who is reasonably available to the party offering the declaration may serve [ ] and file a notice of request to cross-examine such declarant' no later than 14 days before the hearing on the motion." *Grant v. Concordia Univ. Irvine*, No. 8:25-CV-01793-FWS-JDE, 2025 WL 3652519, at *1 (C.D. Cal. Oct. 15, 2025) (quoting C.D. Cal. L.R. 7-8). If the court grants the request for cross-examination, "the declarant's declaration will not be considered 'unless such declarant is personally present and available at the hearing for such cross-examination as the Court may permit.'" *Id.* (quoting L.R. 7-8). Or "the Court may, in the alternative, order that the cross-examination be done by deposition." *Id.* (quoting L.R. 7-8).

Here, if Defendants submit declarations with their opposition to Plaintiffs' superseding motion and those declarations are similar to the ones Defendants previously submitted, cross-examination would be essential. The declarations that Defendants voluntarily chose to submit from officials at ICE, Customs and Border Patrol, and the Federal Protective Service included testimony on key disputed factual issues, including the frequency with which Defendants have deployed chemical munitions near Gray's Landing, the circumstances in which Defendants have deployed these munitions and their intent in doing so (including on specific occasions), the dispersal radius of each munition they have deployed, and the likelihood that chemical munitions used outside the ICE facility would reach specific Plaintiffs' apartments. These factual issues are highly relevant to multiple aspects of the preliminary injunction motion, including standing, whether Defendants have acted with deliberate indifference to the harms caused Plaintiffs or have acted with purpose to harm (which are elements of a substantive due process claim), and the likelihood that Plaintiffs face imminent irreparable harm. If Defendants choose to submit factual testimony on these and other issues, Plaintiffs should be able to probe the veracity and bases for the testimony.

Plaintiffs respectfully submit that written interrogatories would not be an adequate substitute given the nature of these factual issues. Several contested issues cannot be probed by a single question and answer (e.g., the circumstances surrounding a particular incident and Defendants' knowledge and intent). For other issues, the declarations already provide Defendants' factual positions, but Plaintiffs believe those positions are misleading. In these circumstances, written answers, drafted by Defendants' counsel, cannot substitute for oral answers by the witness.

At the January 27 scheduling conference, Defendants suggested that it cannot be the case that Plaintiffs have a right to cross-examine government declarants, because preliminary injunction motions are frequently resolved on the basis of declarations. But the reason that often occurs is because cross-examination is required only when: (1) the opposing party seeks cross-examination; and (2) the declaration concerns potentially dispositive, contested factual issues. The fact that either or both of these conditions are often not present does not detract from the right to cross-examination where they are. In short, when facts are in dispute, our adversarial system requires giving parties the opportunity to cross-examine or depose opposing witnesses, including government witnesses who voluntarily enter the case.

If, however, the Court determines that cross-examination is not possible in this procedural posture, the most appropriate remedy would be for the Court to exercise its discretion to strike the declarations of any witnesses from either side who are not made available upon request. *See Am. Fed'n of Gov't Emps., AFL-CIO*, 2025 WL 780549, at *1. The alternative that Defendants raised at the scheduling conference, that the Court may draw unspecified "inferences" about the declarants' testimony from the lack of cross-examination—is an inferior solution—not just because adversarial testing through cross-examination would allow this Court's conclusions to rest on evidence rather than inference, but because Defendants will surely dispute the extent and weight of any adverse inferences on appeal.

Finally, if the Court grants Plaintiffs the ability to cross-examine any government declarants, Plaintiffs will work to make arrangements that minimize any burden on the witnesses

and will be mindful that their questions must be tailored and proportional, and not cover "everything under the sky." *See Cheney*, 544 F.3d at 314.[1]

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant the motion for cross-examination of Defendants' declarants.

January 28, 2026                                        Respectfully submitted,

*/s/Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar No. 1016621)+
Lynn D. Eisenberg (D.C. Bar No. 1017511)+
Stephen K. Wirth (D.C. Bar 1034038)+
Brian C. Rosen-Shaud (D.C. Bar No. 90042065)+
**Jacobson Lawyers Group PLLC**
5100 Wisconsin Ave. NW, Suite 301
Washington, DC 20016
Telephone: +1 301-823-1148
Dan@jacobsonlawyersgroup.com

Darin M. Sands, OSB No. 106624
Colin Hunter, OSB No. 131161
**Bradley Bernstein Sands LLP**
1211 NW Glisan St., Ste 204
Portland, OR 97209
Telephone: +1 503-734-2480
dsands@bradleybernstein.com
chunter@bradleybernstein.com

Taylor Jaszewski (CA Bar No. 345094)+
**Bradley Bernstein Sands LLP**
1212 Broadway, Suite 1100
Oakland, CA 94612
Telephone: +1 510-380-5801
tjaszewski@bradleybernstein.com

---

[1] As the Court suggested at the January 27, 2026, status conference, Plaintiffs will confer with Defendants about an efficient manner to examine Defendants' declarants, including the potential for remote depositions, if this motion is granted.

        Brian D. Netter (D.C. Bar No. 979362)+
        Jeffrey B. Dubner (D.C. Bar No. 1013399)+
        Anna L. Deffebach (D.C. Bar No. 241346)+
        **Democracy Forward Foundation**
        P.O. Box 34553
        Washington, D.C. 20043
        (202) 448-9090
        bnetter@democracyforward.org
        adeffebach@democracyforward.org

        Katie Schwartzmann (La Bar No. 30295)+
        **Protect Democracy**
        201 St. Charles Ave., Suite 114
        New Orleans, La 70170
        (202) 573-4382

        + Admitted pro hac vice

        *Counsel for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 1,271 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.