BRETT A. SHUMATE
Assistant Attorney General
ANDREW I. WARDEN
Assistant Director, Federal Programs Branch
SAMUEL S. HOLT
KATHLEEN C. JACOBS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Telephone: (202) 674-9761
Samuel.Holt2@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| REACH COMMUNITY DEVELOPMENT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Case No. 3:25-cv-2257 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CROSS EXAMINATION**

Defendants oppose Plaintiffs' motion for cross examination. ECF 40 ("Mot."). Plaintiffs argue that parties should have a right to cross-examine a declarant at a preliminary injunction hearing so long as a party requests it and so long as there is a "potentially" dispositive contested factual issue. Mot. at 5. But this almost limitless standard is practically unworkable and not legally supported.

For starters, Plaintiffs' rule would necessarily apply in both directions, requiring every declarant put forth by both Plaintiffs and Defendants—which includes over a dozen declarants—to be subject to cross examination at the preliminary injunction hearing or have their declarations stricken from the record. If this is the type of evidentiary hearing that Plaintiffs are now contemplating, which would be impossible to accomplish in a four-hour hearing,[1] the Ninth Circuit directs courts not to hold such hearings at such a preliminary stage. *See Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986) ("[A]n evidentiary hearing should not be held when the magnitude of the inquiry would make it impractical."). Plaintiffs' request for an evidentiary hearing is now akin to a full-blown summary judgment or trial-like proceeding. But preliminary injunctions are designed to be tentative—"preliminary"—in nature. As the First Circuit recognizes:

> [T]he term "preliminary injunction" is not the result of a random labelling process, casually adopted. The web of conclusions upon which a preliminary injunction rests are "statements as to probable outcomes," nothing more. . . . Because final resolution of factual conflicts is reserved to time of trial . . . the judge must be accorded some reasonable leeway in truncating the proceedings.

*Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 894 (1st Cir. 1988). The entire point of a preliminary injunction motion is that it occurs at "a point when there has been limited factual development," thus courts have flexibility to accept evidence outside the structures of the rules of evidence. *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013).

1. **The caselaw Plaintiffs rely on does not support the standard they posit.**

Plaintiffs rely primarily on *In re Cheney*, 544 F.3d 311, 312 (D.C. Cir. 2008). But that case does not even involve a request for deposition or testimony during a preliminary injunction

---

[1] The Court also stated that it wanted sufficient time to discuss the legal issues—and there are many dispositive legal impediments with Plaintiffs' claims that should be given sufficient time for oral argument at the preliminary injunction hearing.

proceeding. The D.C. Circuit there stated that the district court had already entered "a preliminary injunction to preserve the status quo[.]" *In re Cheney*, 544 F.3d at 312. The D.C. Circuit was resolving whether after a preliminary injunction had been entered, certain declarants could be subject to depositions *through the normal discovery process*. *Id.* Defendants do not dispute that, to the extent this case reaches the normal discovery process,[2] that there may be depositions of government witnesses. But that is a far different question than whether a declaration should be stricken if the declarant does not appear on one week's notice from the filing of Defendants' opposition on February 6 and the evidentiary hearing on February 13.

Plaintiffs then cite in support *Espiritu Santo Holdings, LP v. L1bero Partners, LP*, 789 F. App'x 288, 289 (2d Cir. 2020), and *Am. Fed'n of Gov't Emps., AFL-CIO v. OPM*, No. C 25-01780 WHA, 2025 WL 780549, at *1 (N.D. Cal. Mar. 10, 2025). Those decisions concern whether the Court has the discretion to order a witness to appear for a preliminary injunction hearing. But those decisions did not hold as a categorical matter that a declaration should be stricken when some factual issue is disputed during a preliminary injunction proceeding. Finally, in support of their motion, Plaintiffs rely on the Central District of California's local rules. But even that reliance undermines Plaintiffs' position as this District has *not* adopted such a local practice, and this Court should not transplant and impose a different jurisdiction's local practice on Defendants here.

2. **Plaintiffs' argument conflicts with settled Ninth Circuit principles**.

First, the Ninth Circuit has held that there is no presumption in favor of an evidentiary hearing at the preliminary injunction stage. *See Kenneally v. Lungren*, 967 F.2d 329, 334 (9th Cir. 1992) ("We do not indulge a presumption in favor of evidentiary hearings."). Indeed, the Ninth

---

[2] The Court would first need to resolve that the Court has jurisdiction and that Plaintiffs have stated a claim before any discovery should be permitted. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014).

Circuit has held it is not an abuse of discretion to refuse to hear oral testimony at a preliminary injunction hearing and decide a preliminary injunction motion on written testimony. *See, e.g., Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter."). Surely, if there is no presumption in favor of an evidentiary hearing and if it is not an abuse of discretion to limit the scope of evidentiary hearings, the Court's standard for this case—and future cases—should not be that a declaration must be stricken if the other side does not have the opportunity to cross examine the witness prior to or at a preliminary injunction hearing.

Separately, Rule 45, which governs the issuance of subpoenas for testimony of a person at a trial, hearing, or deposition, provides that a subpoena may only compel a person to attend a hearing, trial, or deposition within 100 miles of where the person resides, is employed, or regularly transact business in person, or "if the person is a party or a party's officer" within the state where the party resides, is employed, or regularly transact business in person. *See* Fed. R. Civ. P. 45(c)(1). As the Committee Notes on the 2013 Amendment to the Rules explain, the Rule clarifies that a "court's authority to compel a party or party officer to travel long distances to testify at trial . . . may now be required only as specified in Rule 45(c)." Advisory Cmte. Notes on Rules—2013 Amendment.

Two of the government declarants' permanent duty stations are not in Oregon: Mr. Cantu's office is in Auburn, Washington, and Chief Sullivan's office is in El Paso, Texas. Thus, Rule 45(c) precludes either this Court or Plaintiffs from compelling the appearance of at least two declarants whose offices are not within the State of Oregon. *See Becker v. TIG Ins. Co.*, No. 3:21-CV-05185-JHC, 2023 WL 2560842, at *5 (W.D. Wash. Mar. 17, 2023) ("Rule 45 does 'not authorize this

4

Court to compel [an individual's] attendance' who 'is more than 100 miles from Seattle and in another state.'"), *aff'd*, 2025 WL 1625522 (9th Cir. June 9, 2025). And Rule 45's geographic limits apply even when a party seeks to obtain testimony of an out-of-state witness remotely by video. *See In re Kirkland*, 75 F.4th 1030, 1042–47 (9th Cir. 2023) (noting that even advances in remote testimony capabilities were immaterial as "the rules defining the federal subpoena power have not materially changed"); *Ashton Woods Holdings L.L.C. v. USG Corp.*, No. 15-cv-1247, 2021 WL 8084334, at *1 (N.D. Cal. Apr. 5, 2021) ("Rule 45 contains no exception that would permit the Court to decree that out-of-state witnesses are within 100 miles of a trial in Oakland, California because streaming facilities exist in their states . . . .").

3. **Plaintiffs' request is not warranted in this case.**

Even under a case-specific review of the facts here, there is no basis to require the government's declarants to appear for an expedited hearing on just one week's notice from the filing of the opposition and the hearing.

First, Plaintiffs fail to explain why cross-examination is necessary to resolve their preliminary injunction motion. Plaintiffs have been given full opportunity to submit declarations and present their declarants at the preliminary injunction hearing describing Plaintiffs' experiences at Gray's Landing. The government witnesses will not provide any testimony that Plaintiffs themselves cannot provide about that experience. To the extent Plaintiffs contend that video evidence contradicts Defendants' declarations, the Court can assess the video evidence alongside Defendants' declarations and reach a preliminary determination on the veracity of the declarations without cross examination.

Second, Plaintiffs ignore the substantial burden and prejudice that their position would impose on Defendants. Plaintiffs are the ones who have asked for a highly accelerated timeline.

5

And given that this is a preliminary injunction proceeding, rather than a merits trial, it is impractical over the next two weeks for the parties to engage in depositions of all declarants prior to the preliminary injunction hearing—and at the same time, manage the compressed briefing schedule that Plaintiffs requested while preparing for the evidentiary hearing the Court has scheduled.

And Plaintiffs' position is particularly prejudicial given that Plaintiffs raised for the first time at the January 27 Status Hearing their desire to cross-examine Defendants' declarants. Weeks before then, Plaintiffs represented to Defendants by email that they intended to present live testimony "from at least some of the named plaintiffs, our expert who submitted a declaration, and possibly 1 or 2 other residents." There was no mention of government witnesses being a part of the evidentiary hearing. And even in the joint submission to the Court on January 26 (after Defendants' opposition had been filed), Plaintiffs again did not inform Defendants or the Court about wanting to cross examine Defendants' declarants, but instead sprung the issue on Defendants at the January 27 Status Hearing. Given this unfair surprise, it would be prejudicial and inequitable to require Defendants to produce their declarants for cross-examination on short notice, on pain of having their declarations stricken.

Defendants understand that the Court has already scheduled an evidentiary hearing on February 13 at Plaintiffs' request; however, the Court should not require Defendants' declarants to be present for that evidentiary hearing or risk having their declarations stricken. The Court can hear the witnesses that Plaintiffs put forth and assess Defendants' evidence based on the written record, which is the most appropriate and proportionate option given the circumstances.

In the event the Court grants Plaintiffs' motion for cross examination over Defendants' opposition, Defendants respectfully request that the Court order Plaintiffs upon the filing of their preliminary injunction motion on January 30 to identify to Defendants which of their declarants

will be testifying and subject to cross examination at the preliminary injunction hearing. For any of their declarants not subject to cross-examination at the hearing, Plaintiffs should be required on January 30 to provide deposition dates for any declarant not testifying and subject to cross examination at the hearing. And Defendants will do the same upon the filing of their opposition brief on February 6. Defendants also respectfully request that any depositions be limited to two hours per declarant and be topic-limited to the contents of the declarations submitted. Such a standard is consistent with Plaintiffs' cited authority. *See In re Cheney*, 544 F.3d at 312 (affirming the district court's decision to "confine[] these depositions to a narrow range of topics that would allow plaintiffs to follow up on factual questions that OVP had put at issue in its declarations").

For these reasons, Defendants respectfully ask this Court to deny Plaintiffs' motion for cross examination.

Dated: January 29, 2026               Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW WARDEN
Assistant Director
Federal Programs Branch

*/s/ Samuel S. Holt*
SAMUEL S. HOLT
KATHLEEN C. JACOBS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 674-9761
Fax: (202) 616-8470
Samuel.Holt2@usdoj.gov
*Counsel for Defendants*

7