UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LaShawnda Shavers, Intervenor-Defendant (Pro Se),

v.

REACH COMMUNITY DEVELOPMENT, INC., et al., Plaintiffs,

UNITED STATES OF AMERICA, et al., Defendants.

Case No.: 3:25-cv-02257

MOTION TO INTERVENE AS A DEFENDANT AND MOTION TO DISMISS

MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, I, LaShawnda Shavers, move to intervene in this action as of right, or in the alternative, by permission. As a resident of Gray's Landing and a primary whistleblower regarding the habitability and safety of the premises, I have a direct, legally protected interest in this matter that is not being adequately represented by the existing parties.

MOTION TO DISMISS

Furthermore, I move this Court to dismiss the Plaintiffs' complaint. The Plaintiffs have failed to join indispensable parties (the whistleblowing residents) and have filed this action in bad faith to circumvent state habitability laws (ORS 90.320) and to retaliate against residents who have documented management's gross negligence and emergency failures.

Respectfully Submitted,

LaShawnda Shavers 650 S Lowell St, Unit 541

Portland, OR 97239

971-985-9134

Dated: February 11, 2026

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

I. STATEMENT OF INTEREST

I, LaShawnda Shavers, am a resident of Gray's Landing (650 S Lowell St, Unit 541). I am intervening because I am a primary whistleblower whose health and legal rights are directly impacted by this case, yet I have been intentionally excluded by REACH CDC leadership to protect their own corporate narrative.

II. THE JUNE 11, 2025 WHISTLEBLOWER DISCLOSURE

On June 11, 2025, I reported the life-threatening presence of chemical munitions (tear gas) in my unit to Senior Manager Beth Tsarouhas. Management's official response was that they "could not and would not" do anything, establishing my status as a whistleblower long before this lawsuit was filed.

III. EXECUTIVE DECEPTION AND STATUTORY VIOLATION (ORS 90.320)

On November 30, 2025, I formally demanded proof of compliance with ORS 90.320 (Landlord Habitability) from CEO Margaret Salazar.

The Violation: In her December 1, 2025 response, Salazar completely ignored my formal demand for habitability proof.

The Deception: She claimed REACH was only "exploring" a lawsuit, yet filed this action just five days later, intentionally excluding me to avoid addressing the evidence of negligence I had documented.

IV. EMERGENCY NEGLIGENCE & GROSS MISCONDUCT (JAN. 30 – FEB. 4, 2026)

During a period when 911 EMTs declared the building an "Exclusion Zone" and refused entry, REACH management abandoned residents.

The Failure: Emergency maintenance gave dangerous advice to "open windows" during gas permeation.

The Gross Misconduct: On January 30, 2026, Senior Manager Beth Tsarouhas admitted to scavenging a respirator cartridge from a Portland Streetcar stop.

The Offer of Contaminated Gear: Instead of providing OSHA-approved equipment, Tsarouhas offered me this scavenged street debris for my medical distress.

Refusal to Purchase: Beth explicitly stated that REACH CDC did not purchase it, confirming they chose to scavenge trash rather than use corporate funds for safety.

Evidence Disposal: After I refused the hazardous item, Tsarouhas admitted she disposed of it, destroying the physical proof of the debris she attempted to pass off as "help."

V. CONTRADICTION OF REPRESENTATION

While Margaret Salazar claims this suit is for the "residents," attorney Dan Jacobson confirmed on February 10, 2026, that they only represent nine individuals. My exclusion is a clear act of retaliation and a conflict of interest.

CONCLUSION

I ask this Court to grant my intervention to ensure the record reflects the actual negligence and deceptive practices of REACH CDC.

Respectfully Submitted,

LaShawnda Shavers Dated: February 11, 2026

 Gmail

Shawny Miller <shawnymiller1@gmail.com>

## Urgent Safety Issue: Unauthorized Guests & Tear Gas Impact
3 messages

**Shawny Miller** <shawnymiller1@gmail.com>  
To: Beth Tsarouhas <btsarouhas@reachcdc.org>

Wed, Jun 11, 2025 at 2:50 AM

Dear Ms. Tsarouhas,

I'm writing to report a serious safety concern. About 5 minutes ago, I witnessed the resident with the pet rats bringing individuals from the ICE building into our facility to use the amenities. This is the third time today I've witnessed that same resident bringing the protesters into the building.

This is especially concerning given the tear gas deployment nearby a few hours ago, which affected many residents, including myself. As I have anti-GBM disorder, I've had breathing issues for the past two hours and needed four treatments. My apartment was also filled with gas.

These are the same people connected to the tear gas incident, and their presence in our building makes me feel extremely unsafe. They're unhinged and violent, and there's a risk they could piggyback or force their way in. Please speak with this resident immediately. This situation isn't safe or fair to the rest of us.

Thank you,
Lashawnda Shavers
971-985-9134
Unit 541

**Beth Tsarouhas** <BTsarouhas@reachcdc.org>  
To: Shawny Miller <shawnymiller1@gmail.com>  
Cc: Tessie McQueen <TMcQueen@reachcdc.org>

Wed, Jun 11, 2025 at 10:34 AM

Hi Lashawnda,

I appreciate your email and will address the situation. I saw your second email with the details of the resident not taking the persons to their apartment.

I encourage you to contact local officials about the effects of the gas on yourself. Unfortunately, we are unable to stop the actions of the protestors or the response of law enforcement and Immigration Customs and Enforcement.

Thank you,

Beth

**Beth Tsarouhas**
*Community Manager*
Email: BTsarouhas@reachcdc.org
Main Office: 4150 S Moody Ave. | Portland, OR 97239

Gray's Landing | Office: 971-277-7195 | Fax: 503-445-4084

Exhibit A



*Learn more about our impactful work here.*

**From:** Shawny Miller <shawnymiller1@gmail.com>
**Sent:** Wednesday, June 11, 2025 2:50 AM
**To:** Beth Tsarouhas <BTsarouhas@reachcdc.org>
**Subject:** Urgent Safety Issue: Unauthorized Guests & Tear Gas Impact

**CAUTION External Email:** Confirm Sender and Beware of Links and Attachments

[Quoted text hidden]

---

**Shawny Miller** <shawnymiller1@gmail.com>  Tue, Oct 14, 2025 at 12:03 PM
To: Sailor <reachtenantsunite@gmail.com>

I got this response from Beth Tsarouhas on June 11th. I complained about the tear gas and she told me to contact local authorities.

[Quoted text hidden]



reachlogopms286c2_c401b797-c2cb-4800-9e3a-f2fe5d9f54c7.png
21K

Exhibit A



Shawny Miller <shawnymiller1@gmail.com>

# IMMEDIATE ACTION REQUIRED, Coercion, Fraudulent Misrepresentation, ORS 90.320, and Conflict of Interest

**Shawny Miller** <shawnymiller1@gmail.com>  Sun, Nov 30, 2025 at 8:26 AM
To: Margaret Salazar <msalazar@reachcdc.org>, Feedback <feedback@reachcdc.org>, inquiries@fhco.org, Information <information@fhco.org>
Cc: Grays Landing <grayslanding@reachcdc.org>, Tessie McQueen <TMcQueen@reachcdc.org>, Beth Tsarouhas <btsarouhas@reachcdc.org>

URGENT: Evidence of Coercive Tactics, Conflict of Interest, and Evasion of ORS 90.320 Compliance at Gray's Landing (REACH)
Dear Members of the REACH CDC Board of Directors, Ms. Salazar, and Fair Housing Council of Oregon,
I am writing to bring an urgent matter to your attention concerning the management practices at **Gray's Landing,** which demonstrate **coercion, misrepresentation, and a clear conflict of interest** surrounding a legal waiver distributed to residents.
Property manager Beth is pressuring specific residents to sign an optional legal document, misrepresenting it as a simple "petition" to stop the use of tear gas by the immigration facility—an action that has ceased for over a month.
However, the document is not a simple petition. As the waiver, if signed, clearly states, residents would be considered **clients of REACH representatives, which establishes a direct attorney-client relationship.**
**Crucially, the property manager attempted to engage my adult son, the co-head of household, and asked him to sign this waiver. She did not engage me, the primary head of household, nor did she engage the community as a whole.** When he stated he would take it home to read it, she immediately retrieved the document from him, denying him the opportunity to review it with me. This highly inappropriate, discriminatory, and coercive interaction demonstrates a deliberate attempt by management to **prevent household review and exploit specific tenants.** I do possess the full, unredacted waiver/petition that was provided to other residents and will provide it upon request.
This is the crucial conflict of interest: This active, coercive campaign to secure individual clients is occurring while you, Ms. Salazar, have publicly stated that **REACH is contemplating a lawsuit against the immigration building.**
Presenting an optional legal contract as a mandatory housing requirement is fundamentally misleading and coercive. This action is compounded by the fact that:
 * Evasion of Liability (ORS 90.320): By coercing tenants into an attorney-client relationship with REACH's representatives, the management is attempting to **shield REACH and Gray's Landing from litigation** related to habitability issues and non-compliance with ORS 90.320 (Landlord to maintain premises in habitable condition). This waiver would create an untenable conflict of interest for residents seeking legal recourse against REACH.
 * Executive Non-Response: You, Ms. Salazar, have failed to respond to my email dated **November 6th,** which specifically demanded **proof that REACH is in compliance with its obligations under ORS 90.320.** Your silence on this matter, paired with the active coercion surrounding this waiver, suggests an attempt to bypass accountability for the property's maintenance and safety.
 * **Selective Targeting**: Management is **only targeting and communicating with select residents/households,** proving the waiver is not for general community welfare but is a tactical legal maneuver to secure clients for the lawsuit and **preemptively undermine tenants' rights to independent legal action.**
The selective nature of the solicitation and the explicit misrepresentation of the waiver's purpose suggest that executive leadership and the attorneys are fully aware that Gray's Landing employees are instructing residents to sign away rights under false pretenses to protect REACH's corporate interests.
I urge both the Fair Housing Council of Oregon and REACH's Board of Directors to investigate this matter immediately. All residents must be protected from these coercive practices, and the apparent conflict of interest must be addressed.
Thank you for your prompt attention to this serious concern.
Sincerely,
LaShawnda Shavers
Phone: 971-985-9134

Exhibit B

2/11/26, 1:43 PM  Gmail - IMMEDIATE ACTION REQUIRED, Coercion, Fraudulent Misrepresentation, ORS 90.320, and Conflict of Interest

Case 3:25-cv-02257-AB   Document 53   Filed 02/11/26   Page 7 of 13



Shawny Miller <shawnymiller1@gmail.com>

## IMMEDIATE ACTION REQUIRED, Coercion, Fraudulent Misrepresentation, ORS 90.320, and Conflict of Interest

**Margaret Salazar** <msalazar@reachcdc.org>  Mon, Dec 1, 2025 at 12:08 PM
To: Shawny Miller <shawnymiller1@gmail.com>, Feedback <feedback@reachcdc.org>, "inquiries@fhco.org" <inquiries@fhco.org>, Information <information@fhco.org>
Cc: Grays Landing <grayslanding@reachcdc.org>, Tessie McQueen <TMcQueen@reachcdc.org>, Beth Tsarouhas <BTsarouhas@reachcdc.org>

Dear Ms. Shavers,

REACH has retained lawyers to explore bringing litigation to try to stop the federal government's use of gases and smoke near Gray's Landing.

To bring that case effectively, the lawyers have told REACH that they'll need several residents to also serve as plaintiffs in the case, to give examples of the injuries that the residents are suffering. That is why the lawyers met with some residents last week.

For each resident that the lawyers met with, it is entirely optional and up to that resident whether to join the case, and no resident is being asked to waive any other claims the resident may have in order to join the case.

In addition, residents who join the case will not receive any special benefits; that case is not seeking monetary damages, but rather just to stop the use of the gases and smoke.

The lawyers have told REACH that they will separately try to provide opportunities for any and all interested residents to seek damages against the federal government, and that they will provide more information about that opportunity soon.

Sincerely,
Margaret Salazar

**Margaret Salazar**
*Chief Executive Officer*
Email: msalazar@reachcdc.org  |  Direct: 503-231-0682  |  Fax: 503-236-3429
Main Office: 4150 S Moody Ave.  |  Portland, OR 97239



*Learn more about our impactful work here.*

---

**From:** Shawny Miller <shawnymiller1@gmail.com>
**Sent:** Sunday, November 30, 2025 8:26 AM
**To:** Margaret Salazar <msalazar@reachcdc.org>; Feedback <feedback@reachcdc.org>; inquiries@fhco.org <inquiries@fhco.org>; Information <information@fhco.org>

*Exhibit C*

**Cc:** Grays Landing <grayslanding@reachcdc.org>; Tessie McQueen <TMcQueen@reachcdc.org>; Beth Tsarouhas <BTsarouhas@reachcdc.org>
**Subject:** IMMEDIATE ACTION REQUIRED, Coercion, Fraudulent Misrepresentation, ORS 90.320, and Conflict of Interest

> **CAUTION External Email:** Confirm Sender and Beware of Links and Attachments

[Quoted text hidden]

Exhibit C

 Gmail                                   Shawny Miller <shawnymiller1@gmail.com>

## CORRECTED RECIPIENTS - Local Rule 7-1 Conferral: Case No. 3:25-cv-02257

**Dan Jacobson** <dan@jacobsonlawyersgroup.com>                 Tue, Feb 10, 2026 at 11:33 AM
To: Shawny Miller <shawnymiller1@gmail.com>
Cc: dsands@bsllp.com, brian.rosen-shaud@democracyforward.org

Ms. Miller,

Thank you very much for reaching out to confer regarding your intended motions. I'm an attorney in Washington, DC serving as one of the lawyers for the plaintiffs in this case. I'm sorry that we have not had a chance to communicate until now.

If it is helpful to clarify our litigation, the lawsuit is not suing on behalf of all residents of Gray's Landing. We represent only 9 residents of Gray's Landing, as well as REACH. The only goal of the lawsuit is to stop the federal government from continuing to use tear gas, smoke grenades, and other chemical munitions in a way that is harming Gray's Landing's residents and REACH. The 9 residents who are plaintiffs are suffering very serious physical and psychological injuries because of the government's use of these chemical munitions, and we are seeking an injunction that would protect them from more harm. The lawsuit is not asking the court to order anything with respect to the relationship between REACH and any of its residents, and it's not asking the court to do anything to preclude complaints or concerns that residents may have with REACH.

With respect to your concerns about the outreach that was done to residents about joining the case, I wanted to help clarify what happened if it's helpful. Our legal team met in-person with a small number of residents of Gray's Landing about potentially joining the case. For the residents who told us they'd like to join the case, we prepared a standard engagement letter for them to join the lawsuit, and REACH was just helping us gett those residents a copy of the engagement letter for them to review. The engagement letter was not intended to be presented to any residents who had not already agreed to join the case. I'm not sure if there was a miscommunication with your co-head of household, who I don't believe our legal team met with, but I apologize for any confusion that was caused.

With regard to your motions, we would oppose intervention and dismissing the case, but I hope the above information is helpful to clarify what the plaintiffs are seeking to accomplish with this lawsuit.

Best,
Dan Jacobson
[Quoted text hidden]

Exhibit D





Exhibit E

 Gmail

Shawny Miller <shawnymiller1@gmail.com>

## URGENT: Personal Accountability for VAWA Violations and Unidentified Signatory

**Shawny Miller** <shawnymiller1@gmail.com>   Fri, Jan 30, 2026 at 3:00 PM
To: Margaret Salazar <msalazar@reachcdc.org>, Beth Tsarouhas <btsarouhas@reachcdc.org>, Daniel Montgomery <DMontgomery@reachcdc.org>, Feedback <feedback@reachcdc.org>, Tessie McQueen <TMcQueen@reachcdc.org>

EVIDENCE OF CONTRADICTORY STATEMENTS, MISCONDUCT, AND ONGOING DISCRIMINATION
Beth,
I am in receipt of your email dated January 30, 2026. I am writing to address the misleading, inflammatory, and racially discriminatory nature of your statements and actions today.
Your use of quotation marks around the word "gun" is a transparent attempt to gaslight me. To suggest that my report was a hallucination while you protect the narrative of a Caucasian man—who has a history of firearm issues on this property—is a direct example of the racial discrimination I have faced here for over two years.
Your timeline of actions today further proves your lack of integrity:
11:05 AM: Recorded on camera placing a VAWA application on my door, officially acknowledging a threat.
12:53 PM: Sent an email using "witnesses" to definitively deny the presence of a weapon.
2:15 PM: Approached me in the lobby as i was waiting to get an updated FOB, to offer a gas mask.
I had to remind you that I was forced to purchase my own safety equipment because your June 11, 2025 email (attached) stated: "Unfortunately, we are unable to stop the actions of the protestors or the response of law enforcement... I encourage you to contact local officials about the effects of the gas on yourself."
To offer a mask now, after leaving my family in a hazardous environment for over seven months—while simultaneously soliciting other residents to sign petitions for that very issue—is insulting. You intentionally excluded me from those community efforts while telling me there was "nothing" you could do.
You are painting yourself into a corner. I have already paid for the public records of the call recordings from the gun incident. Those recordings, combined with today's video evidence and your paper trail of intentional neglect, will be used to hold you and Reach Community Development accountable.
LaShawnda Shavers
[Quoted text hidden]

**3 attachments**



1000006784.jpg
348K

Refusal to protectScreenshot_20251223_155621_Gmail.jpg
673K

1000006779.mp4
1544K

Exhibit F



Shawny Miller <shawnymiller1@gmail.com>

# URGENT: Personal Accountability for VAWA Violations and Unidentified Signatory

**Beth Tsarouhas** <BTsarouhas@reachcdc.org>  Fri, Jan 30, 2026 at 3:31 PM
To: Shawny Miller <shawnymiller1@gmail.com>, Margaret Salazar <msalazar@reachcdc.org>, Daniel Montgomery <DMontgomery@reachcdc.org>, Feedback <feedback@reachcdc.org>, Tessie McQueen <TMcQueen@reachcdc.org>

Hi Lashawnda,

Providing VAWA paperwork is not acknowledging a threat against your household. We are required to provide the paperwork any time a household requests it.

While what was in the pocket of the other person may have been a "gun", there is no definitive proof it was a gun since it did not leave the person's pocket nor was it examined by any person that day. I do not have proof it wasn't a gun, nor do I have proof it was a gun.

I heard a conversation outside of my office about gas masks this afternoon. There was a box found at the Portland Streetcar stop in front of Gray's Landing that contains an unopened vapor cartridge replacement, it was not bought by Gray's Landing. I was attempting offer it to someone that may be able to use it or could give it to someone that would have need of it. I have disposed of the box.

Thank you,

Beth

**Beth Tsarouhas**
*Community Manager*

**From:** Shawny Miller <shawnymiller1@gmail.com>
**Sent:** Friday, January 30, 2026 3:01 PM
**To:** Margaret Salazar <msalazar@reachcdc.org>; Beth Tsarouhas <BTsarouhas@reachcdc.org>; Daniel Montgomery <DMontgomery@reachcdc.org>; Feedback <feedback@reachcdc.org>; Tessie McQueen <TMcQueen@reachcdc.org>
**Subject:** Re: URGENT: Personal Accountability for VAWA Violations and Unidentified Signatory

**CAUTION External Email:** Confirm Sender and Beware of Links and Attachments

Exhibit F

 **Gmail**  Shawny Miller <shawnymiller1@gmail.com>

# Re: URGENT: Personal Accountability for VAWA Violations and Unidentified Signatory RE: URGENT: Formal Request for Sanitation Records and Unidentified Signatory

**Shawny Miller** <shawnymiller1@gmail.com>   Fri, Jan 30, 2026 at 3:53 PM
To: Beth Tsarouhas <BTsarouhas@reachcdc.org>
Cc: Margaret Salazar <msalazar@reachcdc.org>, Daniel Montgomery <DMontgomery@reachcdc.org>, Feedback <feedback@reachcdc.org>, Tessie McQueen <TMcQueen@reachcdc.org>, Riley Curtis <rcurtis@reachcdc.org>

Beth,
Since you have now officially admitted in writing to scavenging "garbage" from a public streetcar stop to distribute to residents, I am formally requesting the sanitation and sterilization records, the MSDS (Material Safety Data Sheet), and the REACH CDC liability policy that authorizes staff to hand out literal street debris as "assistance." It is peak hypocrisy that you require "definitive proof" to recognize a firearm on video, yet exhibit zero suspicion regarding the biohazard status of trash found at a MAX stop.

Regarding your use of "quotation marks" around the word gun: I have the photograph I took in the midst of the incident clearly showing you pointing directly at the weapon in Rick's right pocket. Do not insult my intelligence by pretending you didn't see what you were literally gesturing at. Furthermore, you should understand that the Portland Police Bureau is not going to cover up an actual recorded phone call just to protect your narrative.

Once I receive those 911 dispatch recordings, your "alleged" version of events will collapse. I look forward to the moment you are finally forced to be an honest person.

LaShawnda Shavers
#iamNUBIANSHAWNY316

CC: rcurtis@reachcdc.org; bbynum@reachcdc.org; tlinden@reachcdc.org; msalazar@reachcdc.org; dmontgomery@reachcdc.org; tmcqueen@reachcdc.org

On Fri, Jan 30, 2026, 3:31 PM Beth Tsarouhas <BTsarouhas@reachcdc.org> wrote:

> Hi Lashawnda,
>
> Providing VAWA paperwork is not acknowledging a threat against your household. We are required to provide the paperwork any time a household requests it.
>
> While what was in the pocket of the other person may have been a "gun", there is no definitive proof it was a gun since it did not leave the person's pocket nor was it examined by any person that day. I do not have proof it wasn't a gun, nor do I have proof it was a gun.
>
> I heard a conversation outside of my office about gas masks this afternoon. There was a box found at the Portland Streetcar stop in front of Gray's Landing that contains an unopened vapor cartridge replacement, it was not bought by Gray's Landing. I was attempting offer it to someone that may be able to use it or could give it to someone that would have need of it. I have disposed of the box.
>
> Thank you,
>
> Beth

Exhibit F