UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON PORTLAND DIVISION

**REACH COMMUNITY DEVELOPMENT, INC., et al.,** Plaintiffs,

v. **U.S. DEPARTMENT OF HOMELAND SECURITY (DHS),** Defendants,

**LASHAWNDA SHAVERS,** Proposed Intervenor / Movant.

Case No. 3:25-cv-02257-AB

**PROPOSED INTERVENOR'S REPLY IN SUPPORT OF MOTION TO INTERVENE AND DISMISS**

---

## I. REBUTTAL TO CLAIMS OF LACK OF PROTECTED INTEREST

Daniel Jacobson's assertion that the Proposed Intervenor lacks a "protected interest" is not only ethically indefensible but is flatly contradicted by direct correspondence and established law under the **Fair Housing Act (FHA)** and the **Americans with Disabilities Act (ADA)**.

- **Documented Medical Condition and Notice:** On **June 11, 2025**, the Intervenor explicitly informed Gray's Landing Senior Manager, **Beth Tsarouhas,** of her pulmonary autoimmune disorder **(Anti-GBM Disorder/Good Pasture Syndrome)** and that tear gas had infiltrated and permeated her unit #541. Despite this formal notice of a life-threatening vulnerability, the Plaintiffs have consistently failed to provide reasonable accommodations or protection from environmental hazards.
- **The Salazar Misrepresentation:** In direct correspondence on **December 1, 2025**, **Margaret Salazar** informed the Intervenor that REACH had only retained attorneys to "explore" potential litigation. This was a tactical deception; Salazar failed to disclose that REACH and the Jacobson Law Firm were already moving to file, intentionally keeping the Intervenor—the party most physically impacted—in the dark. This correspondence is irrefutable proof of a vested interest that the Plaintiffs sought to circumvent.
- **Jacobson's Contradictory Claims:** On **February 10, 2026**, Daniel Jacobson sent an email claiming he had spoken to residents who "expressed interest in joining" the suit. It is legally inconsistent and discriminatory to suggest other residents have a right to join while claiming the Intervenor, who has provided documented proof of injury and prior notice of disability, does not.

## II. ETHICAL CONTRADICTIONS AND NEGLIGENT RESPONSE

The Plaintiffs' current lawsuit is a retaliatory and hypocritical reversal of their prior positions. When the Intervenor sought protection in June 2025, **Beth Tsarouhas** claimed REACH was "powerless" to stop the deployment of tear gas by DHS and instructed Intervenor to contact

local authorities. For the Plaintiffs to now file a lawsuit seeking the exact relief they previously claimed was impossible—while simultaneously arguing the Intervenor has no right to participate—is a violation of the duty of good faith and fair dealing.

## III. SPECIFIC EVIDENCE OF ENDANGERMENT (FHA/ADA VIOLATIONS)

The failure to act upon the June 11, 2025, disclosure of the Intervenor's pulmonary disorder constitutes a failure to accommodate under the **ADA** and **FHA**.

- **Recorded Proof of Negligence:** During the February 1, 2026, incident, Reach Emergency Maintenance instructed the Intervenor to "keep windows open" during a chemical gas deployment. This instruction was not only medically dangerous but demonstrated a reckless disregard for the Intervenor's civil rights and physical safety.

## IV. RETALIATORY BASIS OF LITIGATION

This litigation is inextricably linked to the pattern of financial fraud and extortion perpetrated by **Beth Tsarouhas, Brianna Bynum, Troy Linden, Margaret Salazar, Daniel Montgomery, and Tessie McQueen**. The use of a fraudulent ledger (claiming debt from January 2023, four months prior to the Intervenor's move-in on May 20, 2023) serves as the foundation for the Plaintiffs' ongoing efforts to silence the Intervenor through legal and financial exhaustion.

## CONCLUSION

The Plaintiffs' opposition is a bad-faith effort to exploit the court while ignoring the endangerment of the Intervenor and her household. The Intervenor's participation is essential to ensure the Court receives an accurate account of the Plaintiffs' prior admissions of "powerlessness" and their documented FHA and ADA violations.

**For the reasons stated above, the Motion to Intervene and Dismiss should be granted.**

---

**DECLARATION** I, LaShawnda Shavers, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Dated:** March 2, 2026

**Respectfully Submitted,**

**LaShawnda Shavers** Proposed Intervenor / Movant

971-985-9134



Exhibit A

## CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON PORTLAND DIVISION**

**REACH COMMUNITY DEVELOPMENT, INC., et al.,** Plaintiffs,

**v. U.S. DEPARTMENT OF HOMELAND SECURITY (DHS),** Defendants,

**LASHAWNDA SHAVERS,** Proposed Intervenor / Movant.

Case No. 3:25-cv-02257-AB

I hereby certify that on **March 2, 2026**, I served a true and correct copy of the **Proposed Intervenor's Reply in Support of Motion to Intervene and Dismiss**, the **Cover Letter**, and **Notice of Filing Supplemental Exhibit A** upon the following parties via **First Class U.S. Mail**:

**Counsel for Plaintiffs (REACH / Jacobson):** Daniel F. Jacobson Jacobson Lawyers Group PLLC 5100 Wisconsin Ave. NW, Suite 301 Washington, DC 20016

**Counsel for Defendants (U.S. Dept. of Homeland Security):** Civil Division - Assistant U.S. Attorney United States Attorney's Office, District of Oregon 1000 SW Third Avenue, Suite 600 Portland, OR 97204

**Dated:** March 2, 2026

**Respectfully Submitted,**

*/s/ LaShawnda Shavers*

**LaShawnda Shavers** 650 S Lowell St, Unit 541 Portland, OR 97239 971-985-9134