IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REACH COMMUNITY DEVELOPMENT;
WHITFIELD TAYLOR, individually and as
Parent and Next Friend of Minor Children A.T.
and B.T.; MINDY KING; SUSAN DOOLEY;
JANICE LINEBERGER; JANE DOE;
REBECCA ROE; REACH B49 PARTNERS LP;
REACH OFFICE LLC; DIANE MORENO;
ERICA DEL NIGRO, individually and as
Parent and Next Friend of Minor Child J.D.; and
ROY BROOKS,

        Plaintiffs,

    v.

U.S. DEPARTMENT OF HOMELAND SECURITY;
KRISTI NOEM, in her official capacity as Secretary of
Homeland Security; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; TODD LYONS,
in his official capacity as Acting Director of ICE;
U.S. CUSTOMS AND BORDER PROTECTION;
RODNEY SCOTT, in his official capacity as the
Commissioner of CBP; FEDERAL PROTECTIVE
SERVICE; FARON PARAMORE, in his official
capacity as the Director of FPS; U.S. SECRET
SERVICE; and SEAN CURRAN, in his official
capacity as Director of the Secret Service,

        Defendants.

Case No. 3:25-cv-2257-AB

ORDER

1 – ORDER

**BAGGIO, District Judge:**

Proposed Intervenor-Defendant LaShawnda Shavers ("Shavers") moves to intervene in this case as a Defendant and to dismiss this case. Shavers Mot. Intervene and Mot. Dismiss ("Shavers Mot."), ECF No. 53. The Court denies Shavers's Motion.[1]

Federal Rule of Civil Procedure 24 allows for interventions of right and permissive interventions. *See* Fed. R. Civ. P. 24(a)–(b). For interventions of right, Rule 24(a) provides that:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1)–(2). Alternatively, courts may permit a person to intervene who "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)–(B). Applicants for permissive intervention under Rule 24(b) must satisfy three threshold requirements: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 473 (9th Cir. 1992)).

Here, Shavers may not intervene by right under Rule 24(a). Shavers cites no right to intervene by federal statute, nor does she sufficiently "claim[] an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Rather, Shaver argues that Plaintiffs "filed this action in bad faith to circumvent state habitability laws . . . and to

---

[1] The Court finds that resolving this pending Motion to Intervene would not alter the status quo that the Ninth Circuit sought to maintain in its recent Order. *See* Order from USCA, ECF No. 82.

2 – ORDER

retaliate against residents who have documented management's gross negligence and emergency failures." Shavers Mot. 1 (citing Or. Rev. Stat. § 90.320). In other words, Shavers raises arguments that do not relate to the constitutional claims brought by Plaintiffs here. The Court also notes that Shavers does not argue how her exclusion from this case would "impair or impede [her] ability to protect [her] interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Accordingly, Shavers does not show that she may intervene under Rule 24(a).

Shavers also may not intervene under Rule 24(b) because she does not argue that she satisfies any of the threshold requirements laid out in *Freedom from Religion Foundation*. For example, as explained above, Shavers's arguments of negligence and violations of state habitability laws are not "common question[s] of law and fact" as Plaintiffs' constitutional claims. *Freedom from Religion Found., Inc.*, 644 F.3d at 843 (quoting *Beckman Indus., Inc.*, 966 F.2d at 473).

For the reasons explained above, Shavers may not intervene in this case. Because Shavers may not intervene, the Court does not reach her Motion to Dismiss.

## CONCLUSION

The Court DENIES Proposed Intervenor-Defendant LaShawnda Shavers's Motion to Intervene and Motion to Dismiss.

IT IS SO ORDERED.

DATED this  31st  day of March, 2026.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

3 – ORDER