Darin M. Sands, OSB No. 106624
**Bradley Bernstein Sands LLP**
1211 NW Glisan St., Ste 204
Portland, OR 97209
Telephone: +1 503-734-2480
dsands@bradleybernstein.com

Daniel F. Jacobson (D.C. Bar No. 1016621)+
**Jacobson Lawyers Group PLLC**
5100 Wisconsin Ave. NW, Suite 301
Washington, DC 20016
Telephone: +1 301-823-1148
Dan@jacobsonlawyersgroup.com

+ admitted pro hac vice
(Additional counsel listed on signature page)

*Attorneys for Plaintiffs*

BRETT A. SHUMATE
Assistant Attorney General
ANDREW I. WARDEN
Assistant Director, Federal Programs Branch
SAMUEL S. HOLT
KATHLEEN C. JACOBS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Telephone: (202) 674-9761
Samuel.Holt2@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

|  |  |
|---|---|
| REACH COMMUNITY DEVELOPMENT, *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>    *Defendants*. | Case No. 3:25-cv-2257-AB<br><br>**JOINT STATUS REPORT** |

In response to the Court's Order (ECF No. 87), the parties have conferred and respectfully submit this joint status report addressing the effects of the pending appeal on these proceedings, including whether the Court should stay the parties' briefing on Defendants' pending motion to dismiss.

*Joint Status Report*                       1

*Plaintiffs' Position*

Plaintiffs urge the Court *not* to stay proceedings pending the Ninth Circuit's resolution of Defendants' interlocutory appeal of this Court's preliminary injunction order. It is wholly speculative that the Ninth Circuit will ultimately resolve—as a matter of law—the merits of Plaintiffs' claim for invasion of bodily integrity. Moreover, future proceedings in this Court, including the motion to dismiss, will concern the legal sufficiency of *all* of Plaintiffs' substantive due process claims, including Plaintiffs' claims for deprivation of liberty of movement and deprivation of property. The interlocutory appeal will not provide a definitive legal ruling on the deprivations of Plaintiffs' property rights and liberty of movement, which are fact-intensive inquiries that this Court did not address. Whatever hypothetical efficiencies might be gained by a stay are strongly outweighed by the very real potential harms to Plaintiffs, as protests outside Gray's Landing—and Defendants' unconstitutional response to them—are likely to escalate over the summer months. Plaintiffs respectfully submit they should not suffer delay in vindicating their rights because they *prevailed* in obtaining a preliminary injunction.

**1.** In granting Plaintiffs' motion for a preliminary injunction, this Court held that Plaintiffs were likely to succeed on their bodily integrity claim because the government's repeated deployment of chemical munitions in quantities that infiltrated Gray's Landing and caused physical harm to residents constituted conscience-shocking conduct violating the Fifth Amendment. The Ninth Circuit's review is therefore focused on whether this Court abused its discretion in entering preliminary relief on Plaintiffs' bodily integrity claim. And the only way that the Ninth Circuit's decision would foreclose that claim entirely is if the Court holds that Plaintiffs' asserted right to bodily integrity fails as a matter of law. Any other ruling would resolve only whether Plaintiffs are entitled to a preliminary injunction on the current factual

record—a determination that has no bearing on Defendants' motion to dismiss or any subsequent proceedings.

Beyond Plaintiffs' bodily integrity claim, future proceedings in this Court (including the pending motion to dismiss) will include Plaintiffs' other substantive due process claims. That includes Plaintiffs' freedom-of-movement claim alleging that the government's conduct forced residents to shelter in place their homes, even confining them to hiding in closets and bathtubs in their homes—a deprivation of the fundamental right to freedom of movement protected by substantive due process. Am. Compl. ¶ 122. Plaintiffs also maintain their property-deprivation claim, alleging that chemical agents contaminated the building's common areas, ventilation systems, and residents' personal property. Plaintiffs further allege that the government's conduct interferes with the REACH Plaintiffs' tangible and intangible property interests in their physical property and their business reputations.  *Id.* ¶¶ 147–56. The REACH Plaintiffs' rights were not addressed at all in the preliminary injunction on appeal. Op. at 30 n.19 (ECF No. 75). All of these claims rest on distinct legal theories, require proof of distinct elements, and implicate distinct bodies of caselaw from the bodily integrity claims on appeal.

A stay would therefore yield little or no efficiency gain. The Ninth Circuit's review of the bodily integrity claim—however it comes out—will not moot or alter the motion-to-dismiss briefing on the freedom-of-movement and property-deprivation claims. Those claims will need to be briefed and decided regardless.

**2.** Whatever hypothetical efficiencies might be gained by a stay are strongly outweighed by the risk of harm to Plaintiffs, who face ongoing risk of grievous bodily harm, including acute respiratory distress, chemical burns, chronic coughing, heart palpitations, and severe PTSD episodes. As the Court is aware, one Plaintiff had to have an adrenal gland surgically removed

because the gas exacerbated her Cushing's disease; further exposure now threatens her life. Another Plaintiff risks life-threatening anaphylactic shock, while another has suffered heart failure from past exposure. Plaintiffs have also been forced to take extraordinary measures to avoid exposure—sealing windows and keeping them closed even in hot weather, sleeping in bathtubs, wearing gas masks inside and to sleep, abandoning ordinary use of patios and common areas, and avoiding going outside at night altogether. Parents report that their children are afraid to walk outside and can only fall asleep with a gas mask close at hand. And the harm to Plaintiffs' property from contamination by these toxic chemicals mounts with each exposure. Every month that this case remains frozen delays the timeline for securing permanent relief.

The potential for further irreparable harm to Plaintiffs is particularly acute right now. The protest activity at the ICE facility that triggers Defendants' deployment of chemical agents has historically been most frequent and extensive during the summer months. Additionally, the use of tear gas forces Plaintiffs to keep their windows closed even in summer, leading to oppressively hot temperatures indoors, as numerous Plaintiffs explained. As the calendar moves into that period of heightened risk, further delay leaves Plaintiffs without any prospect of protection during the season they are most likely to need it.

Ninth Circuit timelines are unpredictable, and it could take many months or longer for a merits panel (which may be different from the motions panel that issued the administrative stay and is hearing the current stay motion) to fully resolve the appeal. A stay of proceedings in this Court would therefore freeze this case at the pleading stage for an indefinite period—potentially through the entire summer protest season—while Plaintiffs continue to face the risk of chemical exposure in their homes.

*Joint Status Report*                                                                      4

**3.** Finally, the equities and public interest strongly disfavor a stay. This case involves allegations that a federal law enforcement agency has repeatedly exposed the residents of an affordable housing complex—including children, elderly tenants, and individuals with respiratory conditions—to chemical agents in their own homes. The public interest in the prompt adjudication of such claims is manifest.

That interest is heightened here by the nature of Defendants' conduct. As the record developed at the preliminary injunction stage demonstrates, Defendants have not merely been indifferent to the harm its operations inflict on Gray's Landing residents—they have been aware of that harm and have continued to deploy chemical munitions in quantities that infiltrate the building regardless. Residents have reported symptoms including difficulty breathing, burning eyes and skin, nausea, and exacerbation of chronic respiratory conditions; they have been forced to restrict their movement in and out of their homes; and each exposure further contaminates their property. Defendants have received notice of these effects and have taken no meaningful steps to prevent recurrence. Indeed, evidence in the record demonstrates—and Defendants have never disputed—that they have deployed massive quantities of chemical agents at the ICE facility to generate political propaganda, notwithstanding ample notice that Plaintiffs would be harmed by that conduct. And even after this lawsuit was filed explaining the harms and risks to Plaintiffs, Defendants continued to saturate the area with tear gas. That pattern of deliberate indifference warrants the most expeditious path to final adjudication of Plaintiffs claims that this Court can provide.

### *Defendants' Position*

This Court should stay district court proceedings, including motion-to-dismiss briefing and discovery, pending final resolution of Defendants' appeal of the Court's preliminary injunction.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Shipley v. United States*, 608 F.2d 770, 775 (9th Cir. 1979) (same). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When deciding whether to stay a case, courts consider (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). All factors favor a stay of the case.

First, a stay will not prejudice Plaintiffs. The Ninth Circuit is currently considering whether to stay the preliminary injunction pending appeal. If it grants a stay, proceedings here will not alter that outcome; if it denies a stay, Plaintiffs will remain protected by the injunction. Either way, moving forward with proceedings in this Court will not change the stay outcome. Moreover, the Ninth Circuit is moving quickly to resolve the preliminary injunction appeal: Defendants' opening brief is due April 13 and Plaintiffs' answering brief is due on May 11 (just a few weeks after their opposition brief is due here on the motion to dismiss). Waiting for the Ninth Circuit to provide critical guidance to this Court and the parties is the prudent course of action.

By contrast, the parties and the Court will be substantially burdened by moving forward with a case whose legal viability is seriously in question and hotly disputed. Plaintiffs' lead substantive due process theory is directly at issue in the appeal of the preliminary injunction.

Indeed, at oral argument on April 7, 2026, the Ninth Circuit focused primarily on the legal viability of Plaintiffs' bodily integrity theory. If the Ninth Circuit concludes that Plaintiffs' theory is not facially viable, the parties and the Court will have expended significant time and resources on discovery and litigation disputes—efforts that would prove entirely unnecessary. Plaintiffs' other substantive due process theories are even weaker and more legally dubious, so this Court should not continue with this case just because those claims are not currently before the Ninth Circuit.

The final factor likewise favors a stay. Because one of the central issues of the pending appeal is the legal viability of Plaintiffs' substantive due process theory on bodily integrity, which is a pure question of law, the Ninth Circuit's resolution of the preliminary injunction appeal may effectively resolve this case. And courts will routinely stay cases when a central issues affecting a plaintiff's claim is pending on appeal. *See, e.g.*, *See Dawoudi v. Nationstar Mortg.*, LLC, No. 16-CV-2356, 2016 WL 8711604, at *2 (N.D. Ill. Sept. 16, 2016) ("Because a decision in the pending appeals would potentially be entirely dispositive of this case and, at a minimum, simplify the issues for the parties and the Court, the stay requested by Plaintiffs is warranted in this case."); *Skulevold v. SD&A Teleservices, Inc.*, No. 220CV2771ABJCX, 2020 WL 7711834, at *7 (C.D. Cal. Nov. 18, 2020) (granting stay in "the interests of efficiency and judicial economy" where the "forthcoming Supreme Court decision weigh[ed] on a central issue in this case and the prospect of narrowing disputed issues"); *Carroll v. Wilson McColl & Rasmussen, Att'ys at L.*, No. CV 08-22-CWD, 2009 WL 315610, at *2 (D. Idaho Feb. 9, 2009) (staying case to avoid "the expenditure of unnecessary costs, expenses, and time" where appellate court's resolution of an issue would impact plaintiff's claims). At a minimum, the Ninth Circuit's decision is likely to provide guidance not only on Plaintiffs' substantive due process theory, but also on the shocks-the-conscience standard and the permissible scope of relief, both of which are disputed.

If the Court declines to stay the case in full, it should proceed to resolve Defendants' motion to dismiss. Allowing discovery to proceed while staying the motion to dismiss would invert the proper sequence, as the Court should first determine whether Plaintiffs have adequately alleged jurisdiction and stated viable claims before opening the doors to discovery. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("[P]laintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it."); *Carter v. DeKalb Cnty.*, *Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins." (citation modified)).  Resolution of Defendants' motion to dismiss will also inform the scope of any further proceedings.  For example, the Court has already concluded that Plaintiffs' Fourth Amendment claim is unlikely to succeed, *see* ECF No. 75 at 29, thus Defendants would be prejudiced if the Court were to stay its resolution of the motion to dismiss yet allow burdensome discovery about that claim to proceed.


April 10, 2026                                    Respectfully submitted,

                                                  */s/ Stephen K. Wirth*
                                                  Daniel F. Jacobson (D.C. Bar No. 1016621)+
                                                  Lynn D. Eisenberg (D.C. Bar No. 1017511)+
                                                  Stephen K. Wirth (D.C. Bar 1034038)+
                                                  Brian C. Rosen-Shaud (D.C. Bar No. 90042065)+
                                                  **Jacobson Lawyers Group PLLC**
                                                  5100 Wisconsin Ave. NW, Suite 301
                                                  Washington, DC 20016
                                                  Telephone: +1 301-823-1148
                                                  Dan@jacobsonlawyersgroup.com

                                                  Darin M. Sands, OSB No. 106624
                                                  Colin Hunter, OSB No. 131161
                                                  **Bradley Bernstein Sands LLP**
                                                  1211 NW Glisan St., Ste 204
                                                  Portland, OR 97209


*Joint Status Report*                                                                        8

Telephone: +1 503-734-2480
dsands@bradleybernstein.com
chunter@bradleybernstein.com

Taylor Jaszewski (CA Bar No. 345094)+
**Bradley Bernstein Sands LLP**
1212 Broadway, Suite 1100
Oakland, CA 94612
Telephone: +1 510-380-5801
tjaszewski@bradleybernstein.com

Brian D. Netter (D.C. Bar No. 979362)+
Jeffrey B. Dubner (D.C. Bar No. 1013399)+
Anna L. Deffebach (D.C. Bar No. 241346)+
**Democracy Forward Foundation**
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
bnetter@democracyforward.org
adeffebach@democracyforward.org

Katie Schwartzmann (La Bar No. 30295)+
**Protect Democracy**
201 St. Charles Ave., Suite 114
New Orleans, La 70170
(202) 573-4382

+ Admitted pro hac vice

*Counsel for Plaintiffs*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW WARDEN
Assistant Director
Federal Programs Branch

*/s/ Samuel S. Holt*
SAMUEL S. HOLT
KATHLEEN C. JACOBS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.

*Joint Status Report*                                        9

Washington, D.C. 20005
Telephone: (202) 674-9761
Fax: (202) 616-8470
Samuel.Holt2@usdoj.gov

*Counsel for Defendants*